Filed 10/21/20  P. v. Donaldson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER DONALDSON,<br><br>    Defendant and Appellant. | D076957<br><br><br>(Super. Ct. No. JCF000898) |

APPEAL from a judgment of the Superior Court of Imperial County, Christopher J. Plourd, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Julie L. Garland, Assistant Attorney General, Arlene L. Sevidal, Randall D. Einhorn and Susan Elizabeth Miller, Deputy Attorneys General, for Plaintiff and Respondent.

### FACTUAL AND PROCEDURAL BACKGROUND

On December 9, 2017, while he was in prison, defendant was found in possession of 23.10 grams of marijuana.  He pleaded no contest to possession of marijuana in prison, a felony, in violation of Penal Code section 4573.6.  He

was sentenced to four years in prison, to be served consecutive to the sentence he was then serving on an earlier charge.

In August of 2019, defendant petitioned to recall his sentence and dismiss the case pursuant to Proposition 64 and Health and Safety Code section 11361.8.[1]  The People opposed the petition.

On November 6, 2019, and December 4, 2019, the court held hearings on the matter and denied the relief requested.  It issued a written denial.

Defendant filed a timely notice of appeal from the denial of his petition.

Defendant's sole issue on appeal is whether the trial court was required to grant his petition for resentencing.  We conclude the petition was properly denied.

## ANALYSIS

In 2016, California voters decriminalized the possession of less than 28.5 grams (approximately one ounce) of marijuana, or cannabis.[2] (Proposition 64; § 11362.1, subd. (a); also see *People v. Perry* (2019) 32 Cal.App.5th 885, 888 (*Perry*).)  In August 2019 defendant petitioned to recall his sentence and dismiss his section 4573.6 conviction on the ground his offense was no longer a felony pursuant to section 11361.8, subdivision (a).

Appellate courts have split on the question of Proposition 64's effect on criminal laws prohibiting the possession of cannabis in a correctional institution.  The issue is currently pending before our Supreme Court in *People v. Raybon* (2019) 36 Cal.App.5th 111, review granted August 21, 2019,

---

[1]  Further statutory references are to the Health and Safety Code unless otherwise specified.

[2]  In 2017, the legislature replaced references to "marijuana" in the Health and Safety Code with the term "cannabis."  We use the term "cannabis."

S256978 (*Raybon*), *People v. Whalum* (2020) 50 Cal.App.5th 1, review granted, August 12, 2020, S262935 (*Whalum*), and *People v. Hererra* (2020) 52 Cal.App.5th 982, 991–992, review granted Oct. 14, 2020, S264339 (*Hererra*).  The Third District in *Raybon* concluded that possession of less than 28.5 grams of cannabis in prison is no longer unlawful, due to Proposition 64.  The First District, Sixth District, and our district have all reached the opposite conclusion.  (*Perry, supra*, 32 Cal.App.5th at pp. 891–893 [First District]; *Hererra*, at pp. 991–992 [Sixth District]; *Whalum*, at pp. 12–13 [Fourth District].)

In *Perry,* the First District concluded Proposition 64 did not change any existing prohibitions against the possession of cannabis *in prison* or otherwise affect the operation of Penal Code section 4573.6.  The court there explained Proposition 64 was expressly subject to the exception carved out by section 11362.45, subdivision (d), for laws pertaining to smoking or ingesting cannabis or cannabis products, which remain prohibited.  (*Perry, supra*, 32 Cal.App.5th at pp. 891–893.)

In *Raybon*, the Third District reach a result opposite *Perry*, concluding the plain language of section 11362.1, enacted as part of Proposition 64, compelled a finding that less than an ounce of cannabis in prison is no longer a felony.  (*Raybon, supra*, 36 Cal.App.5th at p. 113, review granted.)  Our Supreme Court is reviewing the decision in *Raybon*.  As *Raybon* awaits a decision, case law tilts heavily in favor of *Perry* including authority from this court.

In *Whalum*, this court addressed whether an inmate convicted of possessing cannabis in prison under Penal Code section 4573.8, which prohibits possession of drugs in prison in any manner.  We concluded that a conviction under Penal Code section 4573.8 remained a felony after

3

Proposition 64 and the inmate was therefore not entitled to relief. (*Whalum*, *supra*, 50 Cal.App.5th at p. 3, review granted). Although the court noted it need not weigh in on the issues unique to the impact of Proposition 64 on Penal Code section 4573.6, the court agreed with *Perry* that "Proposition 64 did not affect laws specifically directed at criminalizing the possession of cannabis as contraband in a correctional institution." (*Id*. at p. 5.) *Whalum* also concluded that even though Penal Code section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it nevertheless properly described as a law pertaining to smoking or ingesting cannabis in such a setting, as it is part of a "prophylactic approach to prevent prisoners from *using* drugs." (*Id*. p. 12.)

More recently the Sixth District Court of Appeal has addressed the question of whether Penal Code section 4573.6 remains a felony following approval of Proposition 64. (*Herrera*, *supra*, 52 Cal.App.5th at p. 991, review granted.) It concluded Proposition 64 did not decriminalize the possession of cannabis in a penal institution. (*Id* at p. 995.) That court reasoned that section 11362.45 as enacted by Proposition 64 contains an exception to the general provision authorizing adult possession of cannabis, which expressly states that "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any" prison or jail. (§ 11362.45, subd. (d).) Because Penal Code section 4573.6 subdivision (a) is a law pertaining to smoking or ingesting cannabis in jail within the meaning of section 11362.45 subdivision (d), *Herrera* held, "Proposition 64 did 'not amend, repeal, affect, restrict, or preempt' Penal Code section 4573.6 [subdivision] (a), and possession of cannabis in jail remains a crime under that Penal Code provision." (*Herrera*, at p. 990.)

4

We agree with the reasoning offered by the latter cases, including *Whalum,* from our court.

In sum, the trial court properly determined that Proposition 64 did not impact the crime of possessing unauthorized cannabis in prison in violation of Penal Code section 4573.6.  We therefore affirm the court's order denying defendant relief from his prior conviction pursuant to Penal Code section 4573.6, possession of cannabis in prison.

DISPOSITION

The judgment is affirmed.


BENKE, J.

WE CONCUR:



McCONNELL, P. J.



HUFFMAN, J.

5